IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLIFTON MASON, SHERRIAH MASON and FLORENCE MASON, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN WATER RESOURCES, LLC, <br><br> Defendant. | Case No. |

## NOTICE OF REMOVAL

**TO THE CLERK OF COURT:**

Pursuant to 28 U.S.C. § 1441, Defendant American Water Resources, LLC ("AWR") hereby removes the cause of action styled as <u>Clifton Mason, Sherriah Mason and Florence Mason v. American Water Resources, LLC</u>, No. 2023-06619-CT, from the Chester County Court of Common Pleas, where it is now pending (the "State Court Action"), to the United States District Court for the Eastern District of Pennsylvania, and as grounds for removal, states as follows:

1.  Plaintiffs, Clifton Mason, Sherriah Mason and Florence Mason ("Plaintiffs"), initiated the State Court Action by filing a Complaint and Notice to Defend on September 6, 2023 (the "Complaint"). Plaintiffs have not yet properly served the Complaint.

2.  Plaintiffs' Complaint was the first pleading that contained any information about the claimed damages and the nature of Plaintiffs' claims against AWR, and the first pleading from which the basis for removal could be determined.

3.  In accordance with 28 U.S.C. § 1446(a), true and correct copies of Plaintiffs' Complaint, along with all other process, pleadings and orders received by or know to AWR are

attached hereto as Exhibit 1. A copy of the docket in the State Court Action is attached as Exhibit 2.

4. Plaintiffs allege that on June 21, 2019, Plaintiffs purchased the property located at 523 E. Chestnut Street, Coatesville, Pennsylvania 19320 (the "Property"). (Id. 1 at ¶¶ 1, 6.)

5. Plaintiffs then allege that on January 9, 2022, a snowstorm cracked the Property's underground sewer pipe, which led to sewage backing up into the house. (Id. at ¶ 21.)

6. As a result of the damaged sewer pipe, the Plaintiffs allege that the Property has sustained extensive damage and is in a dangerous and toxic condition. (Id. at ¶¶ 74, 78.)

7. Following the snowstorm, Plaintiffs allege they called AWR to make a claim under the Warranty. (Id. at ¶ 22.)

8. Plaintiffs allege that AWR denied the claim December 7, 2022 (Id. at ¶ 57.)

9. Therefore, Plaintiffs allege in the Complaint that AWR failed to honor the "Combo Water Line and Sewer Line Protection Program" that Plaintiffs allege they purchased in September 2019 (the "Warranty"), in connection with damages allegedly sustained by Plaintiffs. (See Ex. 1, Complaint at ¶¶ Intro and 7.)

10. Plaintiffs assert three Counts against AWR in the Complaint: Count I (Violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq.*); Count II (Breach of Contract); and Count III (Fraud/Intentional Misrepresentation). (See generally Ex.1, Complaint.)

11. In Count I, Plaintiffs demand compensatory damages, consequential and/or incidental damages, attorneys' fees, pre- and post-judgment interest, and treble damages. (Id., Count I WHEREFORE Clause.)

12. In Count II, Plaintiffs demand compensatory damages, consequential damages and/or incidental damages, and pre- and post-judgment interest. (Id., Count II Ad Addendum Clause.)

13. In Count III, Plaintiffs demand compensatory damages, consequential and/or incidental damages, punitive damages, and pre- and post-judgment interest. (Id., Count III WHEREFORE Clause.)

14. The entire State Court Action is removable to this Court pursuant to 28 U.S.C. § 1441 as this Court has original jurisdiction under 28 U.S.C. § 1332.

## DIVERSITY AS A BASIS FOR JURISDICTION

15. This Court has original jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity between Plaintiffs and AWR, and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

16. Plaintiffs are, and at the time of the filing of the State Court Action, reside at the Property, and thus were, citizens of the Commonwealth of Pennsylvania. (See Ex. 1, Complaint at ¶ 1.)

17. AWR is, and at the time of the filing of the State Court Action was, a Virginia limited liability corporation with its principal place of business in Naperville, Illinois. Neither AWR nor any member of AWR is a citizen of the Commonwealth of Pennsylvania. Therefore, AWR is deemed to be a citizen of the State of Virginia and the State of Illinois. 28 U.S.C. § 1332(c)(1).

18. Removal is not barred by the resident defendant rule set forth in 28 U.S.C. §1441(b) because no member of AWR is a citizen of Pennsylvania.

19. Thus, complete diversity of citizenship exists between Plaintiffs and AWR. Pursuant to 28 U.S.C. § 1441(b), the State Court Action is removable because no party in interest properly joined and served as a defendant is a citizen of the Commonwealth of Pennsylvania, the state in which the State Court Action was brought.

20. Upon information and belief, Plaintiffs' Complaint satisfies the amount in controversy requirement of 28 U.S.C. § 1332.

21. Under 28 U.S.C. § 1446(c), "[i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—(A) the notice of removal may assert the amount in controversy if the initial pleading seeks—(i) nonmonetary relief; or (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)."

22. A removed case must be remanded *only* "if it appears to a legal certainty that the Plaintiffs *cannot* recover the jurisdictional amount." See Frederico v. Home Depot, 507 F.3d 188, 197 (3d Cir. 2007) (emphasis in original); Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 398 (3d Cir. 2004).

23. The Third Circuit has instructed that "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.'" Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993).

24. "Punitive damages are properly considered in determining the amount in controversy." Hamm v. Allstate Prop. & Cas. Ins. Co., No. 11-614, 2012 WL 5451523, at *5 (W.D. Pa. Nov. 7, 2012) (citing Packard v. Provident Nat. 7 Bank, 994 F.2d 1039, 1046 (3d Cir. 1993)); see also Lockwood v. Auto. Fin. Corp., No. C.A. 04-0128 E, 2005 WL 2107165, at *3 (W.D. Pa. Aug. 30, 2005)(confirming where punitive or treble damages are recoverable, these types of damages are properly considered in determining whether the jurisdictional amount is satisfied).

25. Moreover, although 28 U.S.C. § 1332 excludes "interest and costs" from the amount in controversy, "potential attorney's fees must be considered if such fees are available to successful Plaintiffs under a statutory cause of action." Hamm, 2012 WL 5451523, at *6 (citing Suber v. Chrysler Corp., 104 F.3d 578, 585 (3d Cir. 1997)).

26. In a case involving a statutory claim of bad faith, "the demand for punitive damages and attorney's fees could easily put the amount in controversy over the jurisdictional threshold." Id. at *6.

27. Here, Plaintiffs' Complaint does not set forth a specific sum of claimed damages, but instead seeks damages "in excess of the jurisdictional amount" for all three Counts.

28. Plaintiffs' request for compensatory damages, consequential damages, punitive damages, treble damages, attorneys' fees, and costs of suit reflects that Plaintiffs' claims and alleged damages exceed the $75,000 jurisdictional threshold. See, e.g., Barbato v. Progressive Specialty Ins. Co., 3:21-0732, 2021 WL 3033863, at *2 (M.D. Pa. July 19, 2021) (finding amount-in-controversy requirement satisfied where Plaintiffs alleged damages in excess of $50,000 and sought punitive damages under Pennsylvania's bad faith statute with respect to an insurance policy with a $15,000 limit).

29. While AWR denies that it is in any way liable to Plaintiffs on the claims alleged, based upon a "reasonable reading" of the claims asserted and the range of damages sought, it ***does not appear*** to a legal certainty that Plaintiffs ***cannot*** recover more than $75,000.

30. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332 has been satisfied.

## OTHER PROCEDURAL MATTERS

31. Pursuant to 28 U.S.C. § 1446(a), the United States District Court for the Eastern District of Pennsylvania is the appropriate court for filing a Notice of Removal from the Court of Common Pleas of Chester County, Pennsylvania, where the State Court Action is pending.

32. AWR has not been formally or properly served with the Complaint. Consequently, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

33. In filing its Notice of Removal, AWR reserves any and all defenses, objections, and exceptions, including but not limited to those relating to service, venue, failure to state a claim, and the statute of limitations.

34. Contemporaneous with the filing of this Notice, AWR has given written notice hereto to Plaintiffs, and AWR will file a Notice of Notice of Removal, which attaches a true and correct copy of this Notice of Removal, with the Court of Common Pleas of Chester County, as required by 28 U.S.C. § 1446(d). A copy of the Notice of Notice of Removal that will be filed in the State Court Action is attached hereto as Exhibit 3.

**WHEREFORE**, Defendant, American Water Resources, LLC, submit this notice that the State Court Action is removed from the Court of Common Pleas of Chester County to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

*/s/ Michelle H. Badolato*
Patrick R. Kingsley, Esquire
STRADLEY RONON STEVENS & YOUNG, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103
(215) 564-8029
pkingsley@stradley.com

Michelle H. Badolato, Esquire
STRADLEY RONON STEVENS & YOUNG, LLP
457 Haddonfield Road, Suite 100
Cherry Hill, NJ 08002
(856) 321-2401
mbadolato@stradley.com

*Attorneys for Defendant, American Water Resources, LLC*

Dated:   November 3, 2023